**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

BRUD ROSSMANN,[1]

    Plaintiff,

vs.

ELAINE DUKE, *et al.*,

    Defendants.

Case No. 2:17-cv-02953–MMD–VCF

**REPORT & RECOMMENDATION**

APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 1) and COMPLAINT (ECF NO. 1-1)

  Before the Court is Plaintiff Brud Rossmann's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the reasons stated below, this case should be dismissed for lack of jurisdiction.

  On November 27 and 29, 2017, Rossmann filed at least seven cases across multiple jurisdictions "against these Defendants alleging identical or nearly-identical causes of action and seeking identical or nearly-identical relief." *Rossmann v. Duke et al*, Docket No. 1:17-cv-00199, ECF No. 3 at 2 (D. Wyo. Nov 29, 2017). "In each one, he claims to reside in the district where he filed suit, despite a return address in Washington, D.C. on every envelope." *Id.* At least two of these cases have already found that "Rossmann's claims of residing in all of these districts at the same time are fanciful or delusional." *Id.* at 3. At least one of these cases has already concluded that "Rossmann's complaint does not make out a viable § 1983 or Bivens claim." *Id.* at 5.

  "There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed

---

[1] The Court notes that Rossmann's name is misspelled on the Docket and directs the Clerk of Court to correct the spelling.

1

in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). Rossmann filed virtually identical cases across multiple jurisdictions. Several courts have already ruled on the case. Therefore, this Court recommends that the United States District Court for the District of Nevada decline to accept jurisdiction in this case to honor the rulings of other federal district courts.[2]

ACCORDINGLY, and for good cause shown,

IT is RECOMMENDED that this case be DISMISSED for lack of jurisdiction and Rossmann's application to proceed *in forma pauperis* (ECF No. 1) be denied as moot.

IT IS SO RECOMMENDED.

**NOTICE**

Pursuant to Local Rule IB 3-1, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

///

///

---

[2] In addition, based on the numerous residences Rossmann has listed in his various complaints, the Court has serious concerns about Rossmann's representation that he resides in Nevada.

Pursuant to LSR 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

DATED this 12th day of December, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE